UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HERIBERTO BOJORQUEZ-GUTIERREZ, and DIANA BOJORQUEZ<br><br>Plaintiff,<br><br>vs.<br><br>CHINA CAFETERIA FOOD GROUP, LLC, MTFG CHINA I, LLC, and MICHAEL TIEN,<br><br>Defendant. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

**PRELIMINARY STATEMENT**

1. This is an action by two restaurant workers who were employed by Defendants as a cook and food server. On behalf of themselves and others similarly situated, the Plaintiffs bring this action to secure and vindicate rights afforded them by the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA").

2. The Plaintiffs claim that Defendants failed to pay them minimum and overtime wages as required by the FLSA for their work in Defendants' restaurant chain and claim that Defendants hid these wage underpayments by not recording hours worked, providing inaccurate paystubs, and by paying Plaintiffs partly in cash and by falsely claiming that Plaintiffs worked fewer hours per week.

1

3. Plaintiffs seek their unpaid minimum and overtime wages, liquidated damages, reasonable attorney's fees and costs pursuant to 29 USC § 216(b) for Defendants' violations of federal law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this action pursuant to:

   a. 28 U.S.C. § 1331 (Federal Question);

   b. 29 U.S.C. § 1337 (Interstate Commerce); and

   c. 29 U.S.C. § 216(b) (Fair Labor Standards Act).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and N.D. Ga. Local Rule 3.1(B)(1) and (B)(3), because a substantial part of the claims arose in the Northern District of Georgia and because the Defendants reside there.

## I.   PARTIES

6. Plaintiff Heriberto Bojorquez-Gutierrez is a cook for Defendants and has been employed by Defendants, or their predecessor entities, since 1996.

7. Plaintiff Diana Bojorquez was a food server and front of restaurant worker for Defendants from 2012 through January 5, 2016.

8. Defendant China Cafeteria Food Group, LLC is a Georgia limited liability corporation headquartered in Atlanta, Georgia. Defendant may be served through its registered agent, Wilton Sanders, 3060 Mercer University Dr., Ste., 200, Atlanta, Ga, 30341.

9. Defendant MTFG China I, LLC is a Georgia limited liability corporation with a principal place of business in Atlanta, Georgia. Defendant may be served through its registered agent, Wilton Sanders, 3060 Mercer University Dr., Ste., 200, Atlanta, Ga, 30341.

10. Defendant Michael Tien is an individual residing at 1591 Threepine Place, Lilburn, GA 30047.

11. Defendant Tien at all relevant times was a manager with operation control of the Defendants cafeterias including the power to hire and fire at the China Cafeteria locations. Defendant Tien hired and fired Plaintiff Diana Bojorquez.

12. Upon information and belief, Defendant Tien is the sole member manager of both Defendant China Cafeteria Food Group, LLC and Defendant MTFG China I, LLC.

13. At all times relevant to this action, the Defendants constituted an enterprise with sales in excess of $500,000 per year on a rolling quarters basis.

14. Defendants' enterprise has had employees handling goods and materials that have moved in or been produced for commerce, including kitchen equipment, produce, meat and seafood, and other restaurant supplies.

15. For the reasons described above, Defendants were employers within the definition of the Fair Labor Standards Act.

### III.   STATEMENT OF FACTS

16. Defendants operate a chain of cafeteria-style restaurants including locations at 4231 Snapfinger Woods Drive, Decatur, Georgia and 2910 Rainbow Drive, Decatur, Georgia.

17. Defendant Tien also operates a housing facility for his laborers at 2331 Columbia Drive, Decatur, Georgia.

18. Defendant Tien owns or controls the locations listed above and supervises the restaurant operations.

19. Plaintiff Heriberto Bojorquez-Gutierrez was assigned cooking duties by Defendant Tien in 2001 or 2002.

20. Plaintiff Bojorquez-Gutierrez has been employed with Defendants since that time with limited gaps in his employment.

21. Mr. Bojorquez-Gutierrez was initially compensated entirely in cash.

22. Beginning in 2013, Defendants have paid Plaintiff Bojorquez-Gutierrez part in cash and part by check.

23. Defendants' payment structure was designed to hide the wage underpayments to Plaintiffs, by falsely claiming Plaintiffs worked fewer hours, and to evade payroll taxes.

24. Defendants paid disclosed paystub compensation of $450 per two-week pay period to Plaintiffs.

25. Defendants also made undisclosed cash payments every two weeks of $350 through June of 2014 and later $450 to Plaintiff Bojorquez and for the applicable time periods of $750 to Plaintiff Bojorquez-Gutierrez per two-week pay period.

26. Plaintiffs worked in excess of 62 hours per week.

27. Defendants failed to make, keep or preserve hours worked for Plaintiffs and other similarly situated employees as required by 29 USC § 211(c) and failed to provide Plaintiffs' paystubs which recorded their hours worked.

28. In all weeks, Plaintiff D. Bojorquez weekly earnings fell below the applicable federal minimum wage.

29. In all weeks both Plaintiffs and others similarly situated failed to receive compensation at a rate of one and a half times their regular hourly rate for their hours worked in excess of forty in a workweek.

30. Defendants' actions described in paragraphs 22-29 indicate that the underpayment of wages to Plaintiffs, and other similarly situated, were willful.

## COUNT I

### FAILURE TO PAY FEDERAL MINIMUM WAGE IN VIOLATION OF FAIR LABOR STANDARDS ACT

31. Plaintiff incorporates each of the allegations contained in Paragraphs 1 through 30 above by reference.

32. This count sets forth a claim by Plaintiff for damages for Defendants' violations of the FLSA pursuant to 29 U.S.C. § 216 (b).

33. Defendants failed to compensate Plaintiff Bojorquez and other similarly situated at least an average of the applicable federal minimum wage for all compensable hours worked.

34. As detailed in paragraphs 23 through 28 above, Defendants failed to pay Plaintiff Bojorquez at least the required average minimum hourly wage for every compensable hour of labor performed in the workweeks spent working, as required by 29 U.S.C. § 206(a).

35. Defendants' violations of the FLSA's minimum hourly wage were willful, within the meaning of 29 U.S.C. § 255(a).

36. Plaintiff Bojorquez and others similarly situated are entitled to their unpaid minimum wages and equal amount of liquidated damages for each workweek.

## COUNT II

### FAILURE TO PAY FEDERAL OVERTIME WAGES IN VIOLATION OF FAIR LABOR STANDARDS ACT

37. Plaintiffs incorporate by reference paragraphs 1 through 30.

38. Plaintiffs and other similarly situated assert this claim against Defendants for the time periods they worked from April 2013 through 2016.

39. Plaintiffs and others similarly situated worked hours in excess of forty hours per week without receiving time and one half their regular rate of pay for the hours worked in excess of 40 in a workweek.

40. Plaintiffs regularly worked over twenty hours of overtime per week without any overtime premium being paid.

41. Defendants had a policy or practice to compensate Plaintiffs and others similarly situated workers on a salary basis and not based on their actual hours worked.

42. Defendants lacked a good faith basis for treating cooks and front of restaurant employees as exempt from the FLSA's overtime provisions.

43. Defendants' violations of the FLSA's maximum hours provision were willful, within the meaning of 29 U.S.C. § 255(a).

44.  Plaintiffs seek their unpaid overtime wages plus an equal amount in liquidated damages for each compensable hour worked in excess of forty in a work week during their last three years of work.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court grant him the following relief:

(a) Under Count I:

1. Declare that Defendants have violated the FLSA as specified above in Count I;
2. Grant judgment against Defendants and in favor of Plaintiff D. Bojorquez and each similarly situated opt-in in the amount of their respective unpaid wages as proved at trial, plus an equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b); and
3. Award Plaintiffs attorneys' fees pursuant to 29 U.S.C. § 216(b).

(b) Under Count II;

1. Declare that Defendants have violated the FLSA as specified above in Count II;
2. Grant judgment against Defendants and in favor of each Plaintiff and each similarly-situated opt-in in the amount of their respective unpaid wages as proved at trial, plus an equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b); and
3. Award Plaintiffs attorneys' fees pursuant to 29 U.S.C. § 216(b).

(c) Award Plaintiffs pre- and post-judgment interest as allowed by law;

(d) Cast all costs upon Defendants; and

(e) Award Plaintiffs such further relief, at law or in equity, as this Court deems just and proper.

Respectfully submitted this 2nd day of May, 2016,

/s/ Dawson Morton
Dawson Morton
Dawson Morton, LLC
Georgia Bar No. 525985
104 Cambridge Ave
Decatur, GA  30030
Phone:  (404) 590-1295
Fax: (404) 377-7637

*Attorneys for Plaintiff*