IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| HERIBERTO BOJORQUEZ-GUTIERREZ, and DIANA BOJORQUEZ, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 1:16-cv-1439-MHC |
| | : | JURY TRIAL DEMANDED |
| vs. | : | |
| CHINA CAFETERIA FOOD GROUP, LLC, MTFG CHINA I, LLC, and MICHAEL TIEN, | : | |
| | : | |
| Defendant. | : | |

## JOINT MOTION TO APPROVE SETTLEMENT

COME NOW, Plaintiffs Heriberto Bojorquez-Gutierrez and Diana Bojorquez, and Opt-In Plaintiff Gamaliel Laabin Valdez-Ramos (collectively "Plaintiffs") and Defendants (collectively, Plaintiffs and defendants are "Parties") and jointly move the Court to enter the attached Order approving the terms of the Settlement Agreement entered into between the Parties. A copy of the Settlement Agreement for which the Parties seek approval is attached hereto as Exhibit 1. In support of this Motion, the Parties show the Court as follows:

FACTUAL BACKGROUND

This is an action alleging violations of the Fair Labor Standards Act ("FLSA") that was filed by Plaintiffs on or about May 2, 2016. The two named Plaintiffs and one proposed Opt-In Plaintiff are two current employees and one former employee (collectively, "Plaintiffs") of Defendant China Cafeteria Food Group, LLC.   Plaintiffs contend that during their employment, Defendants did not pay them all wages, including minimum wage and overtime wages, due under the FLSA. Consequently Plaintiffs contend they are owed unpaid overtime wages, minimum wages, liquidated damages, attorneys' fees and expenses of litigation. Defendants deny Plaintiffs' claims.

Prior to commencing discovery, counsel for the Parties met in person and discussed the merits of the case, as well as other information relevant to this action. They agreed that the best interests of their clients would be served by attempting to resolve the dispute. After arms-length negotiations, the Parties reached an agreement to settle this dispute in order to avoid the expense, inconvenience, risks and uncertainty of further proceedings. As further outlined in the Settlement Agreement attached hereto, Defendants have agreed to pay Plaintiffs $53,477 in back wages and liquidated damages and an additional amount of $11,000 in attorney's fees and $647.74 in costs. Defendants also have agreed to a new compensation plan for the Plaintiffs still employed.

<u>ARGUMENT AND CITATION OF AUTHORITY</u>

In instances where an employee brings suit directly against his employer under Section 216(b) to recover wages for FLSA violations, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350 (11th Cir. 1982). The Court should approve the settlement if (1) the compromise is fair and reasonable to the employee and (2) it furthers the implementation of the FLSA in the workplace. <u>Wingrove v. D.A. Techs., Inc.</u>, 2011 U.S. Dist. LEXIS 153759 at *3-4 (N.D. Ga. Feb. 11, 2011). Notably, courts have recognized a "strong presumption in favor of finding a settlement fair." <u>Id.</u>

**A. The settlement is fair and reasonable**

In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

(1) the existence of fraud or collusion behind the settlement;

(2) the complexity, expense, and likely duration of the litigation;

(3) the stage of the proceedings and the amount of discovery completed;

(4) the probability of plaintiff's success on the merits;

(5) the range of possible recovery; and

(6) the opinions of the counsel.

Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); Dees v. Hydradry, Inc., 706 F. Supp. 2d 1227, 1240 (M.D. Fla. 2010); Fresco v. Auto Data Direct, Inc., 2007 U.S. Dist. LEXIS 37863 at **17-18 (S.D. Fla May 11, 2007) (explaining that the support of experienced counsel for settlement is an indication that the settlement is fair and reasonable, and "weighs strongly in favor of approval").

Here, the proposed Settlement Agreement is a fair and reasonable resolution of a bona fide dispute. At all times, the Parties have been represented by counsel experienced in the litigation of FLSA claims, and the settlement amount and the final Settlement Agreement were the subject of arms-length discussions, analysis, and negotiations. Moreover, there has been no collusion, fraud, or any other inappropriate conduct by the Parties or counsel, and the settlement was ultimately agreed upon after counsel for Plaintiffs reviewed and analyzed information produced by Defendants relating to their finances.

In addition, Plaintiffs' attorneys' fees and costs are fair and reasonable, and they comply with the terms of the representation agreement between Plaintiffs and Plaintiffs' counsel, which was entered into prior to the initiation of this action.

Finally, the proposed Settlement Agreement is not being filed under seal and does not include a confidentiality provision.

**B. The settlement furthers the implementation of the FLSA**

In determining whether the settlement furthers the implementation of the FLSA, the Court considers various "external or contextual factors" such as the likelihood that the alleged violations will recur. See <u>Dees</u>, 706 F. Supp. 2d at 1243-44.

Here, the proposed Settlement Agreement does not frustrate the implementation of the FLSA. The Agreement includes specific guidelines governing the compensation of Plaintiffs and all other employees of Defendants going forward. It therefore protects against any recurrence of the alleged violations.

<u>CONCLUSION</u>

Based on the foregoing, the Parties, through their respective counsel, jointly represent to the Court that the terms of the Settlement Agreement are fair and reasonable under the facts and circumstances of this case, and that Plaintiffs will receive fair and just compensation.

WHEREFORE, the Parties respectfully request the Court find that the Parties' Settlement Agreement is fair and reasonable, and enter an Order approving the settlement.  A proposed Order is submitted herewith.

Submitted this 11th day of November, 2016 by:

*/s/ Dawson Morton*
Dawson Morton
Counsel for Plaintiffs
Ga. Bar No. 525985
Dawson Morton, LLC
1813 Parker St
Berkeley, CA 94703
Tel: (404) 590-1295
Fax: (404) 377-7637

dawson@dawsonmorton.com

*/s/ Amanda S. Thompson*
Amanda  S. Thompson
Counsel for Defendants
Ga. Bar No. 622854
Salter Thompson Law, PC
2860 Piedmont Road, NE
Suite 215
Atlanta, Georgia 30305
Tel: (404) 247-0107
 Fax: (404) 920-4342
amanda@stlaborlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HERIBERTO BOJORQUEZ-GUTIERREZ, and DIANA BOJORQUEZ,<br><br>Plaintiffs,<br><br>vs.<br><br>CHINA CAFETERIA FOOD GROUP, LLC, MTFG CHINA I, LLC, and MICHAEL TIEN,<br><br>Defendant. | Civil Action No. 1:16-cv-1439-MHC<br><br>JURY TRIAL DEMANDED |

## **[PROPOSED] ORDER**

Upon reading the Parties' Joint Motion to Approve Settlement Agreement, for good cause shown, the Parties' Motion is granted.  It is hereby Ordered that the Settlement Agreement is approved by the Court.

So ORDERED, this _____ day of _____, 2016.


_____
Judge, United States District Court
Northern District of Georgia

7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| HERIBERTO BOJORQUEZ-GUTIERREZ, and DIANA BOJORQUEZ, <br><br> Plaintiffs, <br><br> vs. <br><br> CHINA CAFETERIA FOOD GROUP, LLC, MTFG CHINA I, LLC, and MICHAEL TIEN, <br><br> Defendant. | Civil Action No. 1:16-cv-1439-MHC <br><br> JURY TRIAL DEMANDED |

## **CERTIFICATE OF SERVICE**

I hereby certify that on this day, I electronically filed the foregoing ***JOINT MOTION TO APPROVE SETTLEMENT*** with the Clerk of Court using the CM/ECF system which will automatically send email notification to Plaintiff's attorney of record:

Dawson Morton
dawson@dawsonmorton.com

This 11th day of November, 2016

**/s/ Amanda S. Thompson**
Attorney for Defendants

8